**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

DEC 3 1 2007

BY DAVID J. MALAND, CLERK
DEPUTY _____

| | |
|---|---|
| MONDIS TECHNOLOGY LTD, | : |
| | : |
| | : |
| Plaintiff | : |
| | : |
| v. | :  Civil Case No: 70 CV 565 |
| | : |
| LG ELECTRONICS, INC., | : |
| LG ELECTRONICS, USA, INC., | : |
| HON HAI PRECISION INDUSTRY CO., LTD, | : |
| a/k/a/ FOXCONN, | : |
| INNOLUX DISPLAY CORP., and | :  JURY TRIAL DEMANDED |
| INNOLUX CORP. | : |
| | : |
| Defendants. | : |

## COMPLAINT

Plaintiff Mondis Technology Ltd. ("Mondis" or "Plaintiff"), by way of Complaint against

defendants LG Electronics, Inc. and LG Electronics, USA, Inc. (collectively, "LG"), Hon Hai

Precision Industry Co., Ltd., a/k/a/ Foxconn ("Hon Hai"), and Innolux Display Corp. and

Innolux Corp. (collectively, "Innolux"), hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the

United States, 35 U.S.C. § 101, *et seq.*

### THE PARTIES

2. Plaintiff Mondis is a corporation organized under the laws of England with its

principal place of business at 19 Perrins Lane, Hampstead, London NW3 1QY, England.

3.     Defendant LG Electronics, Inc. is a corporation organized under the laws of Korea with its principal place of business at LG Twin Towers 20, Yoido-dong, Youngdungpo-gu, Korea.

4.     Defendant LG Electronics, USA, Inc. is a company organized under the laws of the state of Delaware with its principal place of business at 920 Sylvan Ave, Englewood Cliffs, NJ.  LG Electronics, USA, Inc. has a registered agent located at 701 Brazos Street, Suite 1050, Austin, Texas.

5.     LG is a worldwide seller of consumer electronics, home appliances, and mobile communications devices.  LG employs more than 82,000 people through its 110 local subsidiaries around the world, and had global sales of $38.5 billion in 2006.

6.     Defendant Hon Hai is a company organized under the laws of Taiwan with its principal place of business at 2 Tzu Yu St., Tu-Cheng City, Taiwan, Republic of China.

7.     Hon Hai maintains an office in the United States at 468 E. Lambert Road, Fullerton, California, and has a registered agent located at 10515 Okanella St., Suite 800, Houston, Texas.

8.     Defendant Innolux Display Corporation is a company organized under the laws of Taiwan with its principal place of business at No. 160 Kesyue Rd., Chu-Nan Site, Taiwan, Republic of China.

9.     Defendant Innolux Corporation is a company organized under the laws of the state of Texas with its principal place of business at 2525 Brockton Dr., Austin, Texas and a registered agent at 8801 Fallbrook Dr., Houston, Texas.

10.     Hon Hai and Innolux (the "Foxconn Defendants") are an inter-related group of companies, with overlapping facilities and registered agents throughout Texas, that all manufacture and sell products under the trade name Foxconn. Together, the Foxconn Defendants comprise one of the largest contract electronics manufacturers in the world for computer, consumer electronics, and communications products.

## JURISDICTION AND VENUE

11.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

12.     LG manufactures and assembles computer monitors that infringe the patents in suit, as is alleged below, and sells and offers those products for sale in the State of Texas, including in this judicial district.

13.     The Foxconn Defendants manufacture and assemble computer monitors that infringe the patents in suit, as is alleged below, and those products are sold and offered for sale in the State of Texas, including in this judicial district.

14.     The Foxconn Defendants act as an original equipment manufacturer ("OEM"), an original design manufacturer ("ODM"), and/or a contract manufacturer, pursuant to which the Foxconn Defendants manufacturer products under the brand names of others. Those products, including computer monitors, are sold throughout the United States, creating a well-established U.S. distribution chain. The Foxconn Defendants know, expect, and intend that by selling

- 3 -

computer monitors designed for use in the U.S. market that some of those computer monitors
will be sold in the State of Texas, including in this judicial district.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,057,812**

15.    Mondis repeats and realleges the allegations of paragraphs 1 through 14 as if set
forth herein.

16.    On May, 2, 2000, United States Letters Patent No. 6,057,812 (hereinafter referred
to as the "812 Patent"), entitled IMAGE DISPLAY APPARATUS WHICH BOTH RECEIVES
VIDEO INFORMATION AND OUTPUTS INFORMATION ABOUT ITSELF, was duly and
legally issued by the United States Patent and Trademark Office. A true and correct copy of the
'812 Patent is attached as Exhibit A to this Complaint.

17.    Mondis is the assignee and owner of the right, title, and interest in and to the '812
Patent, including the right to assert all causes of action arising under said patent and the right to
any remedies for infringement of it.

18.    Without license or authorization, LG has been infringing the '812 Patent, and
contributing to and actively inducing the infringement of said patent by others in the United
States, by making, using, selling, offering for sale, and/or importing into the United States,
including within this judicial district, certain computer monitors that embody the inventions
claimed in the '812 Patent. Such acts constitute infringement under at least 35 U.S.C. §§ 271(a),
(b), and (c).

19.    Without license or authorization, the Foxconn Defendants have been infringing
the '812 Patent, and contributing to and actively inducing the infringement of said patent by
others in the United States, by making, using, selling, offering for sale, and/or importing into the

- 4 -

United States, including within this judicial district, certain computer monitors that embody the inventions claimed in the '812 Patent. Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and/or (c).

20.　　Mondis has been damaged by Defendants' infringing activities. On information and belief, Defendants will continue their infringing activities, and continue to damage Mondis, unless enjoined by this Court. Mondis has no adequate remedy at law.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,247,090

21.　　Mondis repeats and realleges the allegations of paragraphs 1 through 20 as if set forth herein.

22.　　On June 12, 2001, United States Letters Patent No. 6,247,090 (hereinafter referred to as the "090 Patent"), entitled DISPLAY APPARATUS ENABLED TO CONTROL COMMUNICABILITY WITH AN EXTERNAL COMPUTER USING IDENTIFICATION INFORMATION, was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '090 Patent is attached as Exhibit B to this Complaint.

23.　　Mondis is the assignee and owner of the right, title, and interest in and to the '090 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

24.　　Without license or authorization, LG has been infringing the '090 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain computer monitors that embody the inventions

claimed in the '090 Patent. Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

25.     Without license or authorization, the Foxconn Defendants have been infringing the '090 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain computer monitors that embody the inventions claimed in the '090 Patent. Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and/or (c).

26.     On information and belief, Defendants have known of the existence of the '090 Patent, but have continued to infringe that patent despite such knowledge. In particular, and among other things, the Foxconn Defendants were given notice of the '970 Patent in accordance with 35 U.S.C. § 287 by letter dated April 1, 2005.

27.     On information and belief, Defendants' acts of infringement as set out in the previous paragraphs have been deliberate and willful, and in reckless disregard of Mondis's patent rights.

28.     Mondis has been damaged by Defendants' infringing activities. On information and belief, Defendants will continue their infringing activities, and continue to damage Mondis, unless enjoined by this Court. Mondis has no adequate remedy at law.

### COUNT III – INFRINGEMENT OF U.S. PATENT NO. 6,304,236

29.     Mondis repeats and realleges the allegations of paragraphs 1 through 28 as if set forth herein.

30.     On October 16, 2001, United States Letters Patent No. 6,304,236 (hereinafter referred to as the "236 Patent"), entitled DISPLAY APPARATUS FOR ADJUSTING THE DISPLAY IMAGE USING A CONTROL SIGNAL FROM AN EXTERNAL COMPUTER, was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '236 Patent is attached as Exhibit C to this Complaint.

31.     Mondis is the assignee and owner of the right, title, and interest in and to the '236 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

32.     Without license or authorization, LG has been infringing the '236 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain computer monitors that embody the inventions claimed in the '236 Patent.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

33.     Without license or authorization, the Foxconn Defendants have been infringing the '236 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain computer monitors that embody the inventions claimed in the '236 Patent.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and/or (c).

34.     Mondis has been damaged by Defendants' infringing activities.  On information

and belief, Defendants will continue their infringing activities, and continue to damage Mondis,

unless enjoined by this Court.  Mondis has no adequate remedy at law.

**COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 6,513,088**

35.     Mondis repeats and realleges the allegations of paragraphs 1 through 34 as if set

forth herein.

36.     On January 28, 2003, United States Letters Patent No. 6,513,088 (hereinafter

referred to as the "088 Patent"), entitled DISPLAY UNIT AND METHOD ENABLING BI-

DIRECTIONAL COMMUNICATION WITH VIDEO SOURCE, was duly and legally issued by

the United States Patent and Trademark Office.  A true and correct copy of the '088 Patent is

attached as Exhibit D to this Complaint.

37.     Mondis is the assignee and owner of the right, title, and interest in and to the '088

Patent, including the right to assert all causes of action arising under said patent and the right to

any remedies for infringement of it.

38.     Without license or authorization, LG has been infringing the '088 Patent, and

contributing to and actively inducing the infringement of said patent by others in the United

States, by making, using, selling, offering for sale, and/or importing into the United States,

including within this judicial district, certain computer monitors that embody the inventions

claimed in the '088 Patent.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a),

(b), and (c).

39.     Without license or authorization, the Foxconn Defendants have been infringing

the '088 Patent, and contributing to and actively inducing the infringement of said patent by

- 8 -

others in the United States, by making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain computer monitors that embody the inventions claimed in the '088 Patent. Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and/or (c).

40.     On information and belief, Defendants have known of the existence of the '088 Patent, but have continued to infringe that patent despite such knowledge. In particular, and among other things, the Foxconn Defendants were given notice of the '088 Patent in accordance with 35 U.S.C. § 287 by letter dated April 1, 2005.

41.     On information and belief, Defendants' acts of infringement as set out in the previous paragraphs have been deliberate and willful, and in reckless disregard of Mondis's patent rights.

42.     Mondis has been damaged by Defendants' infringing activities. On information and belief, Defendants will continue their infringing activities, and continue to damage Mondis, unless enjoined by this Court. Mondis has no adequate remedy at law.

<u>**COUNT V – INFRINGEMENT OF U.S. PATENT NO. 6,549,970**</u>

43.     Mondis repeats and realleges the allegations of paragraphs 1 through 42 as if set forth herein.

44.     On April 15, 2003, United States Letters Patent No. 6,549,970 (hereinafter referred to as the "970 Patent"), entitled DISPLAY UNIT WITH CONTROLLER ENABLING BI-DIRECTIONAL COMMUNICATION WITH COMPUTER, was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '970 Patent is attached as Exhibit E to this Complaint.

45.     Mondis is the assignee and owner of the right, title, and interest in and to the '970 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

46.     Without license or authorization, LG has been infringing the '970 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain computer monitors that embody the inventions claimed in the '970 Patent. Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

47.     Without license or authorization, the Foxconn Defendants have been infringing the '970 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain computer monitors that embody the inventions claimed in the '970 Patent. Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and/or (c).

48.     On information and belief, Defendants have known of the existence of the '970 Patent, but have continued to infringe that patent despite such knowledge. In particular, and among other things, the Foxconn Defendants were given notice of the '970 Patent in accordance with 35 U.S.C. § 287 by letter dated April 1, 2005.

49.     On information and belief, Defendants' acts of infringement as set out in the previous paragraphs have been deliberate and willful, and in reckless disregard of Mondis's patent rights.

50.     Mondis has been damaged by Defendants' infringing activities.  On information and belief, Defendants will continue their infringing activities, and continue to damage Mondis, unless enjoined by this Court.  Mondis has no adequate remedy at law.

**COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 6,639,588**

51.     Mondis repeats and realleges the allegations of paragraphs 1 through 50 as if set forth herein.

52.     On October 28, 2003, United States Letters Patent No. 6,639,588 (hereinafter referred to as the "588 Patent"), entitled IMAGE DISPLAY APPARATUS, was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '588 Patent is attached as Exhibit F to this Complaint.

53.     Mondis is the assignee and owner of the right, title, and interest in and to the '588 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

54.     Without license or authorization, LG has been infringing the '588 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain computer monitors that embody the inventions claimed in the '588 Patent.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

55.     Without license or authorization, the Foxconn Defendants have been infringing the '588 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale, and/or importing into the

United States, including within this judicial district, certain computer monitors that embody the inventions claimed in the '588 Patent. Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and/or (c).

56. Mondis has been damaged by Defendants' infringing activities. On information and belief, Defendants will continue their infringing activities, and continue to damage Mondis, unless enjoined by this Court. Mondis has no adequate remedy at law.

### COUNT VII – INFRINGEMENT OF U.S. PATENT NO. 6,686,895

57. Mondis repeats and realleges the allegations of paragraphs 1 through 56 as if set forth herein.

58. On February 3, 2004, United States Letters Patent No. 6,686,895 (hereinafter referred to as the "895 Patent"), entitled DISPLAY UNIT FOR DISPLAYING AN IMAGE BASED ON A VIDEO SIGNAL RECEIVED FROM A PERSONAL COMPUTER WHICH IS CONNECTED TO AN INPUT DEVICE, was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '895 Patent is attached as Exhibit G to this Complaint.

59. Mondis is the assignee and owner of the right, title, and interest in and to the '895 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

60. Without license or authorization, LG has been infringing the '895 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain computer monitors that embody the inventions

- 12 -

claimed in the '895 Patent. Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

61. Without license or authorization, the Foxconn Defendants have been infringing the '895 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain computer monitors that embody the inventions claimed in the '895 Patent. Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and/or (c).

62. Mondis has been damaged by Defendants' infringing activities. On information and belief, Defendants will continue their infringing activities, and continue to damage Mondis, unless enjoined by this Court. Mondis has no adequate remedy at law.

<h3 style="text-align:center">JURY DEMAND</h3>

63. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Mondis demands a trial by jury on all issues triable as such.

<h3 style="text-align:center">PRAYER FOR RELIEF</h3>

WHEREFORE, Mondis respectfully demands judgment for itself and against Defendants as follows:

a. That this Court adjudge that Defendants have infringed each of the '812, '090, '236, '088, '970, '588 and '895 Patents;

b. That this Court issue an injunction, enjoining Defendants and their officers, agents, servants and employees, privies, and all persons in active concert or participation with it, from further infringement of said patents;

- 13 -

c.    That this Court ascertain and award Mondis damages sufficient to compensate it

for the above infringement and that the damages so ascertained be trebled and awarded to

Mondis with interest;

d.    That this Court find this case to be exceptional and award Mondis its attorneys

fees, costs and expenses in this action; and

e.    That this Court award Mondis such other relief as the Court may deem just and

proper.

Respectfully submitted,

Dated:  December 31, 2007

Otis W. Carroll
Tex. Bar No. 03895700
Wesley Hill
Tex. Bar No. 24032294
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, TX  75703
(903) 561-1600
(903) 581-1071
fedserv@icklaw.com
*Attorneys for Plaintiff Mondis Technology Ltd.*

OF COUNSEL:
Martin J. Black
Robert D. Rhoad
Robert W. Ashbrook, Jr.
Jay A. Gantz
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

- 14 -