IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MONDIS TECHNOLOGY, LTD., <br> Plaintiff, <br><br> v. <br><br> LG ELECTRONICS, INC., ET AL, <br> Defendants | § § § § § § § § § | CIVIL ACTION NO. 2:07-CV-565-TJW-CE |
| | § § § | **Consolidated with:** |
| MONDIS TECHNOLOGY, LTD., <br> Plaintiff <br><br> v. <br><br> TOP VICTORY ELECTRONICS (TAIWAN) CO. LTD., <br> Defendant | § § § § § § § § § § § | CIVIL ACTION NO. 2:08-CV-478-TJW |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Mondis Technology Ltd.'s motion to supplement its infringement contentions pursuant to Patent Rule 3-6 (Case No. 2:08-CV-478-TJW, Dkt. No. 149) and Defendants Chimei Innolux Corp.'s and Innolux Corporation's motion for leave to amend its invalidity contentions (Case No. 2:07-CV-565-TJW-CE, Dkt. No. 355). For the following reasons, the Court GRANTS these motions.

**I.  Background**

Mondis Technology, Ltd. ("Mondis") filed a complaint for patent infringement on December 31, 2007 against defendants LG Electronics Inc. and LG Electronics, USA, Inc. (collectively "LG"), Chimei InnoLux Corp. and InnoLux Corp. (collectively "InnoLux Corp."), and Hon Hai Precision Industry Co., Ltd. ("Hon Hai"). Mondis asserts ten patents in the case,

1

and the patents are divided into two families: (1) the '812 Patent family[1] and (2) the '090 Patent family.[2] The accused products are computer monitors and televisions made by Innolux and Hon Hai. Mondis filed a second complaint for patent infringement on December 23, 3008 against defendants Top Victory Electronics (Taiwan) Co. Ltd., TPV Int'l (USA), Inc., Envision Peripherals, Inc., Top Victory Electronics (Fujian) Co. Ltd., and TPV Electronics (Fujian) Co. Ltd. (collectively, "TPV"). Due to a prior license between TPV and Mondis's predecessor in interest, the only remaining claims against TPV are for TPV's television products, and the only asserted patents are from the '090 Patent family.

The two cases above were consolidated by this Court on April 21, 2011. (Case No. 2:07-CV-565-TJW-CE, Dkt. No. 379.) Before consolidation, in Case No. 2:08-CV-478-TJW, Mondis filed a motion to supplement its infringement contentions pursuant to Patent Rule 3-6. (Case No. 2:08-CV-478-TJW, Dkt. No. 149.) TPV opposes this motion. In addition, before consolidation, in Case No. 2:07-CV-565-TJW-CE, InnoLux filed a motion for leave to amend its invalidity contentions. (Case No. 2:07-CV-565-TJW-CE, Dkt. No. 355.) Mondis opposes this motion. This Memorandum Opinion and Order addresses these motions.

**II.    Legal Standard**

When a party seeks to amend or supplement its infringement or invalidity contentions after the deadline for serving those contentions has passed, the party must seek leave from the Court. *Arbitron, Inc. v. Int'l Demographics, Inc.*, No. 2:06-CV-434, 2009 WL 166555, at *1 (E.D. Tex. Jan. 16, 2009). Although a Court has broad discretion to grant untimely motions to amend the parties' contentions, "it should consider four factors in ruling on such motions: (1) the

---

[1] The '812 Patent family includes U.S. Patent Nos. 6,057,812, 6,304,236, 6,639,588, and 6,686,895.
[2] The '090 Patent family includes U.S. Patent Nos. 6,247,090, 6,513,088, 6,549,970, 7,089,342, 7,475,180, and 7,475,181.

explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would excluded; and (4) the availability of a continuance to cure such prejudice." *Id.* These factors are context specific and largely depend on the unique facts and procedural posture of each case.

## III. Discussion

### A. Mondis's Motion to Supplement Infringement Contentions Pursuant to Patent Rule 3-6 (Case No. 2:08-CV-478-TJW, Dkt. No. 149).

Mondis's original infringement contentions focused on the compliance of the accused televisions with the Display Data Channel ("DDC") standard established by the Video Electronics Standard Association ("VESA"). Mondis's motion seeks to add a new theory of infringement based on the accused devices' use of High-bandwidth Digital Content Protection ("HDCP"). HDCP is an anti-piracy software that allows televisions to receive video signals from an attached device, such as a DVD player, after the security of the connection has been validated. Mondis's new infringement theory focuses on the alleged use of a serial number in conjunction with the HDCP feature in TPV's accused televisions. Mondis's proposed new infringement contentions do not add any new claims or products.

Mondis claims that good cause exists. Until TPV produced a service manual on December 30, 2010, Mondis claims it did not know that TPV's accused televisions functioned by using a serial number in conjunction with the HDCP feature. Indeed, in a deposition on January 13, 2011 of TPV's 30(b)(6) witness named Kun Fu Wu, Mr. Wu denied that the televisions functioned that way and stated that only older televisions functioned in that manner. Only after Mondis further investigated after the deposition did Mondis learn that the HDCP is allegedly facilitated by the use of a serial number, which may potentially fall under the claims in the

3

patents-in-suit. Therefore, within two weeks of the deposition and one month of when TPV produced the service manual, Mondis filed this motion to amend its infringement contentions on February 1, 2011.

TPV claims that it is too late, with trial approaching in June of 2011, for Mondis to amend its infringement contentions. TPV claims that Mondis was not diligent in its investigation. According to TPV, it produced documents to Mondis on August 9, 2010 that show that TPV's products use HDCP. Furthermore, TPV states that information about HDCP was publicly available. TPV also points out that its claim construction positions would have been different if it had known Mondis's new theory of infringement. Finally, TPV claims that it would be prejudiced if Mondis were allowed to amend its contentions this late because it will have to amend its expert reports with little time before trial.

The Court concludes that Mondis has shown good cause and should be allowed to amend its infringement contentions. Perhaps most important to this Court is that to the extent TPV is prejudiced at all by this late amendment, this prejudice was caused by TPV's failure to perform its discovery obligations in a reasonable manner. Although TPV produced the service manual within the discovery deadline on December 30, 2010, TPV could have and should have produced this material information almost a year before—on February 18, 2010 when its initial disclosures were due. TPV claims that it did not believe Mondis's complaint put it on notice that it was alleging infringement of TPV's television products. If that was the case, however, all doubt was removed when Mondis served its first infringement contentions on September 14, 2009, which included 41 televisions as accused infringing products. Further, a March 21, 2010 letter by TPV's counsel to Mondis's counsel confirms that TPV knew that Mondis was alleging that TPV's television products infringe. Still, rather than complying with its discovery obligations at

that time, TPV chose in April of 2010 to file a declaratory judgment action in a California court to declare that TPV's television products do not infringe. Then TPV filed a motion to dismiss the television products from this case because the California case was the "first-filed" case, despite the fact that approximately six months earlier Mondis had given TPV notice via its infringement contentions that the televisions were in the case. This Court denied TPV's motion on July 29, 2010 (Dkt. No. 111) and held that this case was the first-filed case for the televisions. Then, even after the Court made it clear that the televisions were in this case, TPV only gradually released its production. Mondis had to send letters asking for additional discovery on September 8, 2010, September 21, 2010, October 11, 2010, and November 19, 2010. All of these letters asked TPV to produce the service manuals, and it was the service manual produced on December 30, 2011 that resulted in Mondis discovering the new theory it seeks to add in its infringement contentions. Therefore, TPV cannot complain of prejudice when it was TPV's discovery procedures that created, at least in part, the problem. Because TPV produced material information at the last minute, the Court will allow Mondis to amend its infringement contentions at the last minute.

The Court also finds that Mondis was diligent. Mondis was diligent in seeking discovery from TPV, and Mondis was diligent in amending its infringement contentions as soon as Mondis learned of the new theory. Although TPV argues the information about HDCP was publicly available, the fact that information may be publicly available is no excuse for a party not performing its discovery obligations. In addition, even though TPV produced some documents on August 9, 2010 showing TPV's products used HDCP, Mondis contends that those documents did not explain that the HDCP is allegedly facilitated by the use of a serial number. Further, Mondis's delay in learning about the particular operation of HDCP is understandable considering

5

that TPV's own 30(b)(6) witness did not believe the HDCP was facilitated by the use of a serial number.  Finally, TPV's argument that it is prejudiced because its claim construction positions would have been different is not convincing.  Although the Court understands practically how parties often determine their claim construction positions, claim construction is intended to be decided based on the intrinsic evidence and to a lesser extent the extrinsic evidence—neither of which depend on the infringement positions or infringing products.  In accordance, Mondis's infringement theory should have no effect on claim construction.  Therefore, the Court GRANTS Mondis's motion to amend its infringement contentions.

> **B.** **InnoLux's Motion for Leave to Amend its Invalidity Contentions (Case No. 2:07-CV-565-TJW-CE, Dkt. No. 355).**

InnoLux's most recent invalidity contentions assert that the Sony Digital Display Monitor ("DDM") is prior art under 35 U.S.C. § 102.  InnoLux argues that the DDM, when combined with a number of prior art references that teach storing identification information (e.g., serial numbers) within display memory, renders obvious the claims in the '090 Patent family.  InnoLux's motion, however, seeks to amend its invalidity contentions to reflect that the DDM, *as used by Ancile Malden*, anticipates almost all the asserted claims in the '090 Patent family.

Although InnoLux served its most recent amended validity contentions on January 20, 2011, InnoLux claims that it only learned of Mr. Malden's use of the DDM on February 15, 2011—the day before Mr. Malden's deposition.  InnoLux's reasoning for the delay is because an article written by Malden describing the use of the DDM did not discuss a serial number storage within the memory of the DDM.  It was not until preparing for Mr. Malden's deposition that InnoLux learned from Mr. Malden that Mr. Malden had stored a serial number within the memory of the DDM for use within a system alignment process.

6

Mondis claims that InnoLux was not diligent. Mondis states that InnoLux knew about Mr. Malden's work in October of 2009 and even contacted Mr. Malden in June of 2009. Mondis also states that Mr. Malden is not reliable, so InnoLux should not be able to amend its invalidity contentions based on the unreliable testimony of Mr. Malden. Mr. Malden is a paid consultant by InnoLux. Further, Mr. Malden was not completely clear at his deposition whether he had, in reality, stored a serial number within the memory of the DDM. Rather, Mondis indicates that Mr. Malden only came to this conclusion after being prompted by InnoLux the day before Mr. Malden's deposition.

The Court finds that InnoLux has shown good cause and GRANTS the motion to amend the invalidity contentions. InnoLux has explained why it could not amend its invalidity contentions before the deadline and has shown the importance of the amendment. The prejudice to Mondis is not significant. InnoLux is not adding any new prior art references but instead only clarifying the theory with respect to the DDM reference. In addition, Mondis has known of Mr. Malden's article since October 21, 2009, so Mondis has been on notice of most of the information presented by Mr. Malden. Finally, much of Mondis's argument relates to whether Mr. Malden's testimony should be admissible. Although the Court GRANTS InnoLux's motion to amend its invalidity contentions, this ruling in no way indicates this Court's view of the admissibility of Mr. Malden's uncorroborated statements.

## IV. Conclusion

The Court GRANTS Mondis's motion to supplement its infringement contentions pursuant to Patent Rule 3-6 (Case No. 2:08-CV-478-TJW, Dkt. No. 149) and InnoLux's motion for leave to amend its invalidity contentions (Case No. 2:07-CV-565-TJW-CE, Dkt. No. 355).

It is so ORDERED.

SIGNED this 5th day of May, 2011.

                                                                                      _____
                                                    T. JOHN WARD
                                                    UNITED STATES DISTRICT JUDGE