# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| MONDIS TECHNOLOGY LTD., | |
|     Plaintiff, | Case No. 2:07-CV-565 (TJW-CE) |
| v. | Consolidated with |
| Hon Hai PRECISION INDUSTRY CO., LTD. a/k/a FOXCONN, CHIMEI INNOLUX CORP., and INNOLUX CORPORATION | Case No. 2:08-CV-478 (TJW) |
|     Defendants, | |
| Hon Hai PRECISION INDUSTRY CO., LTD. | |
| | **JURY TRIAL DEMANDED** |
|     Third Party Plaintiff, | |
| LITE-ON TRADING USA, INC., TPV TECH., LTD., and TPV INT'L (USA), INC. | |
|     Third Party Defendants. | |
| and | |
| MONDIS TECHNOLOGY, LTD., | |
|     Plaintiff, | |
| v. | |
| TOP VICTORY ELECTRONICS (TAIWAN) CO., LTD., ET AL., | |
|     Defendants. | |

## EMERGENCY MOTION TO STAY TRIAL PENDING RULING ON WRIT OF MANDAMUS

## I. INTRODUCTION

Defendants Chimei Innolux Corporation and Innolux Corporation ("CMI"), pursuant to Federal Rule of Appellate Procedure 8(a), move this Court for an order staying trial proceedings during the pendency of a petition for writ of mandamus to be filed by CMI in the United States Court of Appeals for the Federal Circuit from the June 9, 2011 Order denying the Emergency Motion to Sever TPV from the Chimei Innolux and Hon Hai Trial. The Hon Hai parties intend to join this stay request.

CMI's request for a stay satisfies all factors courts consider when determining whether such a stay is warranted, including likelihood of success on the merits, irreparable harm, lack of prejudice to the parties, and the public interest. Because of the severe prejudice that will result without severance and because the two cases do not satisfy the same transaction or occurrence test, CMI is likely to succeed on the merits of its writ petition. A stay of all trial proceedings is necessary to preserve the status quo pending resolution of that petition. Absent a stay, CMI will suffer the very prejudice that the writ petition seeks to avoid by being required to try its case with another case involving incompatible defense theories. No party will suffer significant prejudice if the proceedings are stayed for the short time necessary to obtain review from the Federal Circuit, and the stay will further the public interest by ensuring a fair trial proceeding.

## II. LEGAL PRINCIPLES

This Court may stay trial proceedings pending resolution of a petition for writ of mandamus to the Court of Appeals. *See Genentech, Inc. v. Sanofi-Aventis Deutschland GMBH*, No. C08-4909, 2009 WL 1313193, at *2 (N.D. Cal. May 12, 2009) (granting stay of all proceedings pending resolution of mandamus petition in related case); *Ruppert v. Principal Life Ins. Co.*, No. 06-cv-903, 2007 WL 2025233, at *8 (S.D. Ill. July 9, 2007) (staying order of transfer until the Court of Appeals resolved petition for writ of mandamus); *see also In re U.S.*

*Dep't of Homeland Sec.*, 459 F.3d 565, 568 (5th Cir. 2006) (court granted emergency motion to stay pending disposition of petition for writ of mandamus); *In re Perrigo Co.*, 128 F.3d 430, 434-35 (6th Cir. 1997) (same); Fed. R. App. P. 8(a). A party seeking a stay of proceedings pending appellate review must first seek a stay from the district court before requesting a stay from the Court of Appeals, unless doing so would be impracticable. *See* Fed. R. App. P. 8(a)(1).

In evaluating a motion to stay pending disposition of a writ of mandamus, the courts apply the same four factors that govern stays pending direct appeal: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *See Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985).

### III.  FACTUAL BACKGROUND

On April 21, 2011, this Court consolidated the TPV case with the Chimei Innolux and Hon Hai cases for trial. As the defendants have attempted to reconcile their trial strategies following consolidation and after the pretrial conference, it has become evident that, if the cases are tried together, the TPV and CMI defendants necessarily will be forced to (1) put on defenses that are diametrically opposed to one another or fundamentally inconsistent in various key respects, or (2) compromise their defense strategies to avoid these inconsistencies. Thus, on June 2, 2011, CMI filed an emergency motion to sever the TPV trial from the Chimei Innolux and Hon Hai trial, setting forth in detail the prejudice that defendants will face if both cases are tried together. D.I. 520. On June 6, 2001, Mondis filed an opposition to the emergency motion to sever. D.I. 531. On the morning of June 8, 2011, CMI filed a reply in support of its emergency motion to sever. D.I. 533. This Court denied the emergency motion to sever by

order dated June 9, 2011.  D.I. 536.  Jury selection is currently scheduled to begin on June 13, 2011, with trial scheduled to start June 17, 2011.

CMI intends to file a petition for writ of mandamus from the denial of the motion to sever with the Federal Circuit as soon as possible.  CMI will also seek a stay of these proceedings from the Federal Circuit if this Court denies or does not rule on the motion before the writ petition and stay request are filed.

## IV. ANALYSIS

A stay of all proceedings is appropriate pending review by the Federal Circuit of CMI's intended writ petition.  CMI respectfully believes that the Court's denial of the requested motion to sever constitutes an abuse of discretion that warrants reversal by the Court of Appeals by writ of mandamus—meaning that the writ petition is likely to succeed on its merits.  Review by mandamus is appropriate and necessary to protect defendants from the irreparable harm that would result if they are required to try the TPV and CMI cases together.

### A. CMI Is Likely To Prevail on the Merits of Its Writ Petition.

Although this Court has discretion over matters surrounding consolidation and severance, that discretion is not without limit.  Under Rules 20 and 42, a severance should be granted if trying cases together would result in prejudice to the parties.  *See Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521-22 (5th Cir. 2010).  In view of the severe prejudice to the defendants from a single trial as laid out in detail in the motion to sever, the proper ruling on the motion to sever was to grant that motion.  The Court abused its discretion in failing to grant the motion.

Further, CMI's writ petition will raise an important issue of first impression as to which there appears to be a disagreement between the district courts; that is, in a patent infringement case, where infringement allegations involve distinct products from different defendants, is

Federal Rule of Civil Procedure 20(A)'s same transaction or occurrence test satisfied?  CMI respectfully believes that the Northern District of Illinois in *Rudd v. Lux Products Corp.*, No. 09-cv-6957, 2011 WL 148052, at *2-3 (N.D.Ill. Jan. 12, 2011)—which concluded that joinder of claims against different defendants with distinct products is not proper—reached the correct answer.  *Rudd* should have been applied in this case, and severance should have been ordered.

Because CMI is likely to succeed on the merits of its writ petition, this Court should stay proceedings pending a decision on CMI's petition by the Federal Circuit.

### B. CMI Will Suffer Irreparable Harm if Trial Proceedings Are Not Stayed Pending Review of this Court's Denial of Severance.

If the parties are forced to proceed to trial while the petition for writ of mandamus is pending, the trial would moot the relief to be requested from the Court of Appeals. A stay is necessary to allow the Federal Circuit the opportunity to review the issues presented in the forthcoming petition for writ of mandamus.  A stay will preserve the status quo pending appellate review.

Without immediate review of the denial of severance, defendants will face irreversible prejudice by being required to try their cases to the jury simultaneously.  Defendants are faced with an unacceptable choice between (1) presenting incompatible theories and defenses on crucial infringement, invalidity and damages issues, or (2) compromising the theories and defenses each defendant deems strongest in order to avoid those inconsistencies.

Obtaining reversal of any final adverse judgment based on the erroneous denial of severance will be exceedingly difficult because defendants will have to show that the adverse judgment resulted from the prejudice of trying the cases together (because of either inconsistent or compromised defense theories) rather than any other factor.  Put simply, it will be very difficult if not impossible to unscramble the egg that results from this Court's denial of the

motion to sever. To avoid this irreparable and irreversible prejudice to defendants, the Court should stay proceedings until CMI has an opportunity to obtain review of the denial of the motion to sever.

      **C.**      **No Party Will Suffer Prejudice if a Stay is Granted.**

CMI and Hon Hai are prepared to proceed immediately to trial together if the Court of Appeals grants the requested relief and orders that the cases be severed. The TPV case has been pending before this Court for approximately 2.5 years; the CMI case, for approximately 3.5 years. Staying the trial proceedings for the relatively short time necessary to permit the Federal Circuit to rule on the writ petition will not prejudice Mondis or any other party.

      **D.**      **The Public Interest Will Be Served by Granting a Stay.**

The public's strong interest in fair trial proceedings will be undermined if trial is permitted to go forward with the TPV and CMI cases tried together. Further, the public interest in efficient resolution of litigation will not be undermined by staying the proceedings for the short time in which the Federal Circuit takes to rule on CMI's writ petition. Thus, a stay would best protect the interests of the public in this case.

**V.**      **CONCLUSION**

In view of the irreparable prejudice a single trial will cause to CMI, Hon Hai and TPV, CMI respectfully requests that this Court stay the trial proceedings pending a ruling on a petition for writ of mandamus that CMI intends to file in the Federal Circuit.

Dated: June 9, 2011

Respectfully submitted,

*/s/ Wayne Stacy*
James P. Brogan (Co-Lead Counsel)
Wayne Stacy (Co-Lead Counsel)
Ann Marie Byers
Eamonn Gardner
David Kellis
COOLEY LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
E-Mail: jbrogan@cooley.com
E-Mail: wstacy@cooley.com
E-Mail: abyers@cooley.com
E-Mail: egardner@cooley.com
E-Mail: dkellis@cooley.com
Tel: 720-566-4000
Fax: 720-566-4099

Thomas J. Friel, Jr. (Co-Lead Counsel)
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
E-Mail: tfriel@cooley.com
Tel: 415-693-2000
Fax: 415-693-2222

Eric H. Findlay
FINDLAY CRAFT
5760 Old Jacksonville Hwy
Suite 101
Tyler, TX 75703
E-Mail: efindlay@findlaycraft.com
Tel: 903-534-1100
Fax: 903-534-1137

*Attorneys for Chimei Innolux Corporation and Innolux Corporation*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by facsimile and/or U.S. First Class Mail.

Dated:  June 9, 2011

      /s/    *Wayne Stacy*
COOLEY LLP

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for all parties consulted on June 9, 2011 by telephone in compliance with Local Rule CV-7(h).  The parties discussed CMI's position that the cases need to be stayed pending review of the order denying the Emergency Motion to Sever.  Mondis would not consent to the requested stay, leaving an open issue for the court to resolve.  Accordingly, this motion is opposed.

      /s/    *Wayne Stacy*
COOLEY LLP

1198475 v1/PA