IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MONDIS TECHNOLOGY, LTD., <br>     Plaintiff, <br><br> v. <br><br> LG ELECTRONICS, INC., ET AL, <br>     Defendants. | § § § § § § § § § | CIVIL ACTION NO. 2:07-CV-565-TJW-CE |
| _____ | § § | **Consolidated with:** |
| MONDIS TECHNOLOGY, LTD., <br>     Plaintiff, <br><br> v. <br><br> TOP VICTORY ELECTRONICS (TAIWAN) CO. LTD., <br>     Defendant. | § § § § § § § § § § § | CIVIL ACTION NO. 2:08-CV-478-TJW |

**AMENDED FINAL JUDGMENT**

On June 13, 2011, the parties picked a jury in this patent infringement case. Mondis Technology, Ltd. ("Mondis" or "Plaintiff") asserted the following claims against Chimei-InnoLux Corp.'s and InnoLux Corp.'s (collectively "InnoLux" or "Defendant") accused products: claims 3, 15, and 20 of U.S. Patent No. 6,247,090 (the '090 Patent), claims 9 and 25 of U.S. Patent No. 6,513,088 (the '088 Patent), claim 18 of U.S. Patent No. 6,549,970 (the '970 Patent), claim 15 of U.S. Patent No. 7,089,342 (the '342 Patent), claims 14 and 23 of U.S. Patent No. 7,475,180 (the '180 Patent), claims 1 and 11 of U.S. Patent No. 6,057,812 (the '812 Patent), and claim 1 of U.S. Patent No. 6,639,588 (the '588 Patent).

On June 27, 2011, the jury returned a verdict. (*See* Jury Verdict, Dkt. No. 586.) The jury found the following claims valid and infringed: claim 15 of the '090 Patent, claim 15 of the '342

Patent, claims 14 and 23 of the '180 Patent, claims 1 and 11 of the '812 Patent, and claim 1 of the '588 Patent.  The jury found the following claims invalid and also not infringed: claims 3 and 20 of the '090 Patent, claims 9 and 25 of the '088 Patent, and claim 18 of the '970 Patent.[1]  The jury found that InnoLux's accused products that it sold to the Hewlett-Packard Company ("HP") were covered under a license between HP and Hitachi (who was Mondis's predecessor-in-interest to the patents-in-suit).  The jury also found that InnoLux's infringement of the '090 Patent, '342 Patent, and the '180 Patent was willful.  The jury found the amount of damages to be $15,000,000.00.  In the Court's Memorandum Opinion and Order regarding the parties' motions for JMOL, the Court granted JMOL that all asserted claims are infringed by InnoLux's accused products, the Court granted JMOL of no willful infringement of any of the asserted claims, and the Court otherwise upheld the jury's verdict.

The parties dispute how this Court should calculate prejudgment interest in this case.  (*See* Dkt. No. 631 & 644.)  "An award of interest . . . serves to make the patent owner whole . . . [to account for] the foregone use of the money between the time of infringement and the date of judgment."  *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655-56 (1983).  The district court is afforded wide latitude in the selection of interest rates and it is within the district court's discretion whether to award simple or compound interest.  *See Gyromat Corp. v. Champion Spark Plug Co.*, 735 F.2d 549, 557 (Fed. Cir. 1984); *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991).  The Court adopts neither parties' calculation of the prejudgment interest in this case.  Rather, in accordance with this Court's general practice and

---

[1] The jury also found that claim 22 of the '088 Patent was invalid.  That claim, however, was not asserted in this case.  Instead, without objection of either party, the claim inadvertently appeared on the verdict form.  As the Court noted in its Memorandum Opinion and Order on the parties' JMOLs, the Court strikes the jury's finding that claim 22 of the '088 Patent is invalid.

based on this Court's discretion, the Court calculates the pre-judgment interest consistent with the ninety (90) day commercial paper rate, annualized using a 360-day year or bank interest, as established by the Federal Reserve Board, and uses this rate compounded on a yearly basis for the time period from December 31, 2007[2] to the date of judgment.  The Court calculates the interest to be Five Hundred Sixty Thousand, Eight Hundred Forty-Seven Dollars and No Cents ($560,847.00).

Therefore, in accordance with the jury's verdict and the Court's post-trial rulings, the Court renders the following judgment:

It is ORDERED, ADJUDGED AND DECREED that the plaintiff, Mondis Technology, Ltd., have and recover from the defendants, Chimei-InnoLux Corp. and InnoLux Corp., Fifteen Million, Five Hundred Sixty Thousand, Eight Hundred Forty-Seven Dollars and No Cents ($15,560,847.00).  The full $15,560,847.00 recovery is to be payable to Mondis Technology, Ltd. in U.S. Dollars in the United States, absent an agreement between the parties as to other arrangements.  The Plaintiffs are the prevailing party in this litigation and the Court awards costs to the Plaintiffs as the prevailing party.  The judgment shall bear interest at the lawful federal rate.

---

[2] December 31, 2007 is the earliest infringement date under the jury's verdict, and both parties use the date of December 31, 2007 as a starting point in their interest calculation. (*See* Plaintiff's Calculation, Dkt. No. 631, Magee Decl., Ex. G.; InnoLux's Calculation, Dkt. No. 644, Ex. A.) Furthermore, because the jury was not specifically asked to determine whether a lump sum or running royalty would apply and there was evidence to support both types of royalties, *for the purposes of prejudgment interest*, the Court will consider the jury's $15 Million royalty to be a lump sum payment paid on December 31, 2007 for the infringing sales presented to the jury.

In addition, the Court *sua sponte* severs Mondis's Motion for Ongoing Royalties and Damages for InnoLux's Uncounted 2011 Infringing Sales, (Dkt. No. 631),[3] into a new case. The Clerk of the Court is Ordered to open a new case number for Mondis's Motion (Dkt. No. 631), and in that new docket, the Clerk should also include this Final Judgment, InnoLux's Response to Mondis's Motion (Dkt. No. 644), and Mondis's Reply (Dkt. No. 655). The Clerk is further Ordered that the only parties in the new case are plaintiff Mondis Technology, Ltd. and defendants Chimei-InnoLux Corporation and InnoLux Corporation. In the new case, the Court will hold a hearing on Mondis's Motion at 10:00 a.m. on September 15, 2011. In light of this Judgment and the Court's recent rulings on the parties' other post-trial motions, if the parties wish to file any supplemental briefing on Mondis's Motion, those briefs are due on September 6, 2011 and are limited to fifteen (15) pages. Response briefs, if needed, must be filed by September 13, 2011 and are limited to fifteen (15) pages. Reply briefs will not be permitted absent leave of the Court.

In the present case, any motions for a new trial or to alter or amend judgment must be filed within fifteen (15) days from the date of this Judgment, as opposed to the normal twenty-eight day deadline under Federal Rule of Civil Procedure 59. Responses must be filed within seven (7) days of the initial filing. In addition, though the Court has treated the parties' motions for JMOL as filed under Federal Rule of Civil Procedure 50(b), if the parties decide it is necessary to file a renewed JMOL under Rule 50(b), those motions and responses must also be filed under the deadlines above. No replies are allowed for these post-trial motions without leave of Court. As the Court has already noted, given the undersigned's extensive involvement and

---

[3] The dispute in that motion regarding the prejudgment interest is resolved due to this Final Judgment, so that particular portion of the motion is not severed.

familiarity with this case, it is the undersigned's intention to resolve this case before the undersigned retires at the end of September.  Because the post-trial briefing has been delayed due to the request of the parties to continue post-trial settlement discussions (which ultimately failed), the Court finds these shortened deadlines are reasonable and necessary.  Finally, each party will be given forty-five pages total, in the aggregate, for all further post-trial motions in this case—which excludes the supplemental briefing in the new case (and Chimei-InnoLux Corporation and InnoLux Corporation are considered one party for these purposes).

All relief not expressly granted is DENIED.  This is a FINAL JUDGMENT.  All pending motions are DENIED except for the following two motions: Mondis's Motion for Ongoing Royalties and Damages for InnoLux's Uncounted 2011 Infringing Sales, (Dkt. No. 631), which has been severed into a new case; and Mondis's Motion to Enforce the Hon Hai Settlement Agreement (Dkt. No. 659).

**IT IS SO ORDERED.**

SIGNED this 30th day of August, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE