# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| MONDIS TECHNOLOGY, LTD., <br>   Plaintiff, <br><br> v. <br><br> LG ELECTRONICS, INC., et al. <br>   Defendants. | § § § § § § § § § § | CIVIL ACTION NO. 2:07-cv-565-JRG <br><br> **CONSOLIDATED WITH:** |
| MONDIS TECHNOLOGY, LTD., <br>   Plaintiff, <br><br> v. <br><br> TOP VICTORY ELECTRONICS (TAIWAN) <br> CO. LTD., et al. <br>   Defendants. | § § § § § § § § § § § | CIVIL ACTION NO. 2:08-cv-478-JRG |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Top Victory Electronics (Taiwan) Co., Ltd., TPV International (USA), Inc., TPV Electronics (Fujian) Co., Ltd., Top Victory Electronics (Fujian) Co., Ltd., and Envision Peripherals, Inc. (collectively, "TPV") Emergency Motion to Enjoin Arbitration Pending Appeal. (Dkt. No. 712.) The Court, upon careful consideration of the parties' written submissions, hereby DENIES TPV's Motion.

## I. Factual and Procedural Background

TPV originally brought a declaratory judgment action in California in 2003 against Mondis' predecessor, Hitachi. *Top Victory Elec. Co., Ltd. et al. v. Hitachi, Ltd., et al.*, Case No. C 03-5762 WHA. That case, which relates to some of the present patents-in-suit, was settled in 2004 and TPV took a non-exclusive license to make, use, import, offer for sale, sell, lease or

otherwise transfer certain computer monitor products. On December 23, 2008, Mondis brought the current patent infringement actions against TPV.[1] In the Complaint, Mondis acknowledged that TPV held a license to certain computer monitors by virtue of the 2004 settlement, but alleged that TPV had infringed the asserted patents by selling computer monitors outside the scope of such license, particularly in light of TPV's post-license acquisition of Koninklijke Philips Electronics N.V. ("Phillips") [the monitor claims]. (2:08-cv-478, Dkt. No. 1 ¶¶ 11-13.) Mondis also asserted altogether new infringement allegations against TPV's television business [the television claims].

The matter was mediated on April 13, 2010. As a result of an agreement reached at mediation, the parties agreed to arbitrate the monitor claims. This mediation did not resolve the television claims. Consequently, on July 29, 2010, this Court stayed Mondis' monitor claims, and proceeded towards trial on the television claims. (2:08-cv-487, Dkt. No. 111.) After a jury was selected on June 13, 2011, but prior to opening statements, the parties settled the television claims. (Dkt. No. 598, at 4.) A trial followed as to the remaining non-settling defendants, but TPV did not participate in the trial after its announcement of settlement was made to the Court.

The resulting written settlement agreement signed by the parties provides a specific and limited release and license which runs only to the television claims. Further, and particularly noteworthy, the settlement agreement expressly excluded any application to "the monitors or other display products of the Top Victory Companies and their Affiliates that are primarily designed for use in connection with a PC." (Dkt. No. 702, Ex. B at § 1.7.)

---

[1] Mondis' Complaint against TPV was filed in Case No. 2:08-cv-478. On April 21, 2011, Judge Ward entered an Order consolidating that case with Case No. 2:07-cv-565.

On August 24, 2011, this Court entered an order of dismissal stating that:

1. All claims, defenses and counterclaims in the above-captioned action between the parties are hereby dismissed with prejudice.

2. Each party shall bear its own costs and attorneys' fees.

3. This Court shall retain jurisdiction to enforce the settlement agreement between the parties.

(Dkt. No. 660.)

On October 13, 2011, Mondis sent a "Demand for Arbitration" to TPV with regard to the monitor claims. (Dkt. No. 699, Ex. 3.) On October 25, 2011, a commencement of Arbitration and Notice of Appointment of Arbitration was issued. (Dkt. No. 699, Samuels Decl., Ex. 4.)

On November 7, 2011, TPV filed a motion to enjoin the arbitration permanently on the grounds that arbitration of the computer monitor claims was barred by Judge Ward's August 24, 2011 Order dismissing "all claims" in this suit. Judge Folsom (who had then been assigned this case due to Judge Ward's retirement) issued a temporary restraining order on November 10, 2011 enjoining arbitration for 30 days to provide the Court time to consider and rule upon TPV's motion. (Dkt. No. 701.) The temporary restraining order was renewed for an additional 30 days since the case had then been newly reassigned to the undersigned from Judge Folsom (Dkt. No. 707.) On January 24, 2012, after fully considering the written submissions of the parties, the Court denied TPV's motion to enjoin arbitration and informed the parties it would not extend the temporary restraining order beyond its expiration date of February 3, 2012. (Dkt. No. 709.) This action was prompted by this Court's belief that TPV's *res judicata* argument was not only unfounded, but constituted a poorly veiled attempt to circumvent the plain meaning of the parties' written settlement agreement from June of 2011.

3

On January 31, 2012, TPV filed notice of its appeal of this Court's Order denying TPV's motion to enjoin arbitration. (Dkt. No. 710.) On that same day, TPV also filed the instant motion, asking this Court to enjoin arbitration pending appeal and an expedited briefing schedule regarding the same. (Dkt. Nos. 711 and 712.) The Court held a telephonic hearing and set an expedited briefing schedule. This opinion and order address TPV's motion to enjoin arbitration pending such appeal.

## II. Legal Standards

Pursuant to Rule 62(c), the Court has authority to enjoin the arbitration of the monitor claims pending TPV's appeal of this Court's order. *See* Fed. R. Civ. P. 62(c). However, Courts consider four factors when determining whether to grant relief under Rule 62(c): (1) likelihood of success on the merits;[2] (2) irreparable injury if the relief is not granted; (3) an absence of substantial harm to the other parties from granting the relief; and (4) the public interest. *See Ruiz v. Estelle*, 650 F.2d 55, 565 (5th Cir. 1981). The decision to grant relief under Rule 62(c) is "an extraordinary device which should be granted sparingly." *Greene v. Fair*, 314 F.2d 200, 201-02 (5th Cir. 1963) (describing an injunction pending appeal as "extraordinary relief" to be "granted only in exceptional cases"); *see also* Wright, Miller & Kane, 11 FED. PRAC. & PROC. CIV. § 2904 (2d ed.) ("Because the burden of meeting [the Rule 62(c) standard is a heavy one, more commonly stay requests will not meet this standard and will be denied."). Because the relief is considered extraordinary, the granting of relief under Rule 62(c) must take into consideration whether the party seeking relief "has made a strong showing that he likely to succeed on the merits." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

---

[2] The parties dispute whether TPV must establish a "substantial case" or a "probability of success" on the merits. (Dkt. No. 715, at 2-3.) The Court does not reach this question because TPV has shown neither a substantial case nor a probability of success on the merits.

**III.    Analysis**

   *A. Likelihood of Success of the Merits*

TPV's admits that its "present motion is based on the same facts and legal authorities cited in TPV's motion filed on January 4, 2012." (Dkt. No. 711, at 2.) TPV has done nothing more than re-urge its previous arguments from prior briefing. The prior arguments urging this Court to dismiss Mondis' monitor claims as barred by *res judicata* were not persuasive earlier and TPV has not supplemented them in any degree. TPV has not shown a strong likelihood that it will succeed on appeal. *See, e.g., Mondis Tech. Ltd. v. Chimei InnoLux Corp.*, No. 11-378, 2011 WL 4591947, *8 (E.D. Tex. Sept. 30, 2011) ("[I]t is obviously this Court's opinion that InnoLux will not be successful on appeal, or the Court would have otherwise ruled in InnoLux's favor on various post-trial issues."); *In re Matter of Nika Corp.*, No. 96-0492, 1997 WL 35271, *1 (E.D. La. Jan. 29, 1997) ("[T]he court suggests that the movant has *not* shown through previous pleadings that he will succeed on the merits before the Fifth Circuit. If he had, the court would have ruled differently in the first place.") (emphasis in original). Therefore, as an initial matter, the Court is of the unchanged opinion that TPV's assertion of *res judicata* is unfounded. TPV has not shown a likelihood of success on appeal.

In evaluating TPV's assertion of *res judicata* as an absolute bar to the arbitration of the monitor claims, the Court carefully reviewed the parties' specific arguments. TPV relies heavily on the decision in *Oreck Direct LLC v. Dyson Inc.* to support its contention that the computer monitor claims are barred and not arbitrable. 560 F.3d 398 (5th Cir. 2009). However, TPV's reliance on *Oreck* is misplaced in view of the facts of this case. In *Oreck*: (1) the settlement agreement between the parties did not carve out the later asserted claims from the scope of the

release; (2) the settlement agreement was entered *after* the dismissal order; and (3) the dismissal order did not refer to or incorporate the settlement agreement. See *Oreck,* 560 F.3d at 402-03.

Conversely, in this case, the parties *expressly agreed* to exclude Mondis' arbitrable claims against TPV's computer monitors from the scope of the settlement and dismissal. The settlement agreement provides a narrow and limited release which expressly goes to *only televisions*. Further, the settlement agreement *excludes* coverage of "monitors or other display products of the Top Victory Companies and their Affiliates that are primarily designed for use in connection with a PC." In fact, Paragraph 3 of the dismissal order made the settlement agreement *a part of the dismissal order*. (Dkt. No. 660) ("This Court shall retain jurisdiction to enforce the settlement agreement between the parties.") For these reasons, this Court finds that *Oreck* has no meaningful application in this case. As *Oreck* constitutes the primary authority upon which TPV seeks to hang its claims of *res judicata*, this Court finds that TPV has not shown a likelihood of success on appeal.

### B. Irreparable Injury to TPV if Arbitration is not Enjoined

TPV alleges that it will suffer irreparable harm if the Court denies its motion. The Court disagrees. The cost of participating in an arbitration proceeding, even if it is set aside, is not the sort of injury that Rule 62(c) guards against. See *Graphic Commc'ns. Union v. Chicago Tribune Co.*, 779 F.2d 13, 15 (7th Cir. 1985) ("In any event the fact that an order to arbitrate imposes a cost, the cost of the arbitration, whether it is an opportunity cost of time or an out-of-pocket expense for lawyers or witness fees or whatever, or both types of costs, does not show irreparable harm. Otherwise every order to arbitrate would be deemed to create irreparable harm, and it would be easy to get such orders stayed."); *Mendez v. Skymax Dominica, S.A.,* No. 11-7548, 2011 WL

6413608, *1 (S.D.N.Y. Dec. 13, 2011) ("In the context of a request to stay an arbitration pending an appeal, '[t]he monetary cost of arbitration … does not impose such legally recognized irreparable harm.'") (quoting *Emery Air Freight Corp. v. Local Union 295*, 786 F.2d 93 (2d Cir. 1986)); *B.D. Cooke & Partners Ltd. v. Certain Underwriters at Lloyd's London*, No. 08-3435, 2009 WL 3870414, *1 (S.D.N.Y. Nov. 19, 2009) ("Nor is it enough of a harm simply to say that expenses incurred in arbitration might turn out to be unnecessary expenses – where, for example, an appeals court reverses a district court's order compelling arbitration and void previous arbitration proceedings. Otherwise, a stay would be justified in every single case, because in every case, the possibility of such reversal exists."). In this case, the arbitration proceeding is at its earliest stage. While the Court has looked carefully, it cannot identify any irreparable harm to TPV if the arbitration commences.

### C. *Substantial Harm to Mondis if Arbitration is Enjoined*

TPV argues that a "limited additional delay" while TPV's appeal is pending will not harm Mondis because "Mondis already delayed commencing this arbitration for more than a year and a half." (Dkt. No. 712, at 8.) Although Mondis did not initiate arbitration proceedings for 18 months after the parties agreed to the terms of their arbitration agreement, the delay was obviously due to the fact that both Mondis and TPV were litigating the television claims at that time. Once the television claims were settled, Mondis formally initiated the arbitration proceedings in August 2011. Mondis is entitled to the benefit of its bargain reflected in the settlement and arbitration agreement reached at the April 2010 mediation. *See, e.g., Graphic Commc'ns*., 779 F.2d at 15 ("Arbitration is supposed to be swift. It will not be swift if orders to arbitrate are routinely stayed

7

pending appeals from those orders"). Imposition of the additional delay that a stay would unavoidably create could be of material harm to Mondis.

### D. The Public Interest

Both parties agree that the public interest strongly favors enforcing settlement agreements. As such, the public interest obviously weighs against granting the requested injunction.

## IV. Conclusion

TPV freely and knowingly agreed to arbitrate the monitor claims. Faced with a subsequent trial on its television claims, it settled with Mondis. That settlement, as seen by viewing the relevant documents as a whole, makes it clear to this Court that the monitor claims survived and are ripe for arbitration. TPV asks this Court to ignore the substance of the settlement agreement in favor of the boilerplate language of the dismissal order. The dismissal was subsequent to the settlement agreement and was its servant not its master. The dismissal order's own provision providing for this Court to retain jurisdiction to enforce the settlement agreement makes that relationship indisputable. Further, this Court's retention of jurisdiction to enforce the settlement agreement is tantamount to setting forth the settlement within the body of the dismissal order itself. For TPV to later say that the dismissal order covers the monitor claims and bars their arbitration is not only wrong, it can only be seen as an intentional effort by TPV to be unjust. TPV's reading of the dismissal order out of context may have prompted its apparent "gotcha" approach to preventing arbitration, but the facts and law in this case do not support it. For the reasons set forth above, it is ORDERED that TPV's Emergency Motion to Enjoin Arbitration Pending Appeal is DENIED.

**So ORDERED and SIGNED this 12th day of February, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE